# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

HALO LIFESTYLE LLC,  )
    a New York limited liability company,  )
          )
Plaintiff,  )
          )     Civil Action No. _____
v.  )
          )
HALO FARM, INC.,  )
    a New Jersey corporation,  )
          )
Defendant.  )
_____)

# COMPLAINT FOR DECLARATORY JUDGMENT
# OF NON-INFRINGEMENT OF TRADEMARKS

Plaintiff, HALO LIFESTYLE LLC, a New York limited liability company, by and through its undersigned attorneys, alleges upon information and belief as follows:

## NATURE OF ACTION, PARTIES, AND VENUE

1. This is an action for declaration judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202.

2. Subject matter jurisdiction is proper in this Court as a result of a federal question relating to the United States trademark laws, 15 U.S.C. § 1051 *et seq.*, pursuant to 28 U.S.C. § 1331.

3. Plaintiff Halo Lifestyle LLC is a New York limited liability company with a principal place of business at 524 Broadway, 8th Floor, New York, New York 100012, and a corporate address of 2655 Glasco Turnpike, Woodstock, New York 12498 ("Plaintiff").

4.   Upon information and belief, Defendant Halo Farm, Inc. is a New Jersey corporation with a principal place of business at 970 Spruce Street, Lawrenceville, New Jersey 08648 ("Defendant").

5.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) and § 1391(c).

## BACKGROUND

I.   **Plaintiff's Activities**

6.   Plaintiff is a lifestyle and fitness company dedicated to the development, manufacture and marketing of premium sports and hydration beverages, including, *inter alia,* its HALO SPORT drink (Plaintiff's "HALO Products").

7.   Plaintiff, comprised of an experienced and successful team of premium consumer-brand entrepreneurs, has invested millions of dollars developing, manufacturing and carefully branding its HALO Products.

8.   Through its HALO Products, Plaintiff aims to offer distinctive and healthy alternatives, at premium price points, to the sports hydration drinks and supplements which are currently on the market.   For example, Plaintiff's HALO SPORT drinks have no artificial flavors, preservatives or synthetic coloring. All HALO Products, including Plaintiff's HALO SPORT drinks, are certified organic, vegan, kosher and non-GMO, and do not contain dairy, soy or gluten ingredients.   Plaintiff's HALO Products, including its HALO SPORT drinks, are low calorie with no added sugars, and the only sugar in Plaintiff's HALO SPORT beverage is the two grams of naturally occurring sugar from the ingredient of organic lemon juice.   Plaintiff's HALO SPORT drinks not only offer consumers added electrolytes, but also provide a spectrum of 72 ionic trace minerals harvested from the Great Salt Lake of Utah.

9.  After substantial research and development, Plaintiff devised a marketing and branding strategy to launch its first product, the HALO SPORT drink.

10.  In the fall of 2018, Plaintiff began targeting its highly specialized consumer base through social media, influencer marketing, cross-promotional fitness events, and introduction of its HALO SPORT drink at the Natural Products Expo trade show in Baltimore, Maryland. As part of these efforts, Plaintiff developed detailed sketches of the kinds of consumers to whom Plaintiff will market and sell its HALO SPORT drink and other Halo Products (see examples of these sketches attached hereto Exhibit "A"). As a result, Plaintiff's initial marketing efforts have been highly successful.  For example, Plaintiff has received unsolicited, positive media coverage recognizing its innovative products offered under its distinctive brand.  *See e.g.,* "The 7 Best Brands We Saw at Expo East," *The Dieline*. available at, <http://www.thedieline.com/blog/2018/9/18/the-7-best-brands-we-saw-at-expo-east> (last visited October 16, 2018) (calling Plaintiff's HALO SPORT product an "upgrade" to Gatorade, and describing it as "[a] new sports drink formulated and designed for the modern-day consumer's life, its branding is simple and lifestyle-oriented, while packing an aesthetically powerful punch …").

11. Beginning in September 2018, Plaintiff offers its HALO SPORT drink for sale on a pre-order basis, the orders for which are being filled in October 2018.

12. Plaintiff owns pending U.S. Patent Application Serial No. 62/726,374, entitled "Fortified Amla Beverage," covering the invention of its innovative HALO SPORT drink, *i.e.*, a fortified beverage containing amla, vitamins (A, C and E), and electrolytes (sodium, potassium, magnesium and chloride), which can provide health benefits including, *inter alia,* hydration, increased energy, increased endurance and muscle recovery.

13. Plaintiff is the owner of multiple "intent to use" trademark applications for its mark HALO and variations thereof (collectively, Plaintiff's "HALO Marks") which are pending in the United States Patent and Trademark Office (the "PTO"), including the following (collectively, the "HALO Applications"):

| Mark | Appln. No.<br>Appln. Date | Class | Goods and Services |
|------|---------------------------|-------|--------------------|
| HALO SPORT | 87/504739<br>26 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| FIND YOUR HALO | 87/509176<br>28 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| GET HALO | 87/509174<br>28 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| GO HALO | 87/504734<br>26 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| HALO KIDS | 87/639778<br>10 Oct 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| HALO LIFE | 87/200458<br>12 Oct 2016 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| HALO PRO | 87/639767<br>10 Oct 2017 | 32 | int. cl. 32 bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| LIVE HALO | 87/504779<br>26 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| MY HALO | 87/504769<br>26 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |

| Mark | Appln. No. Appln. Date | Class | Goods and Services |
|------|------------------------|-------|--------------------|
| ONE HALO | 87/504751 26 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| ONLY HALO | 87/509110 28 June 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| OWN YOUR HALO | 87/639780 10 Oct 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| SWEAT.HALO.REPEAT. | 87/639754 10 Oct 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| THE HALO EFFECT | 87/208886 19 Oct 2016 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| WORK.HALO.REPEAT. | 87/639760 10 Oct 2017 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| THE HALO EFFECT | 87/208886 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| HALO LIFE | 87/200458 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |
| HALO KIDS | 87/639778 | 32 | bottled artesian water; bottled drinking water; drinking water with vitamins; flavored bottled water; mineral water; water beverages |

14. The above HALO Applications have been approved and published by the PTO in its Official Gazette.

II.        **Defendant's Activities**

15. Defendant operates a low-end dairy under the name "Halo Farm" with an attached store in Lawrenceville, New Jersey, near the city of Trenton.  Defendant also owns and maintains

two small satellite facilities: (i) Halo Pub and Fête, a café in Princeton, New Jersey offering third party branded coffee and Halo Farm ice cream and pastries, and (ii) Halo Pub, an inexpensive eatery in Hamilton Square, New Jersey offering ice cream and other dessert-related food items.

16. Defendant's Lawrenceville, New Jersey retail location utilizes minimal marketing of the HALO FARM mark, and sells packaged food products akin to the assortment offered by a gas station market, with no fresh produce or homemade food items.

17. While Defendant's Halo Farm store sells its own brand of milk, juices, iced tea, lemonade and ice cream, it also sells third party brands including third–party dairy products.

18. Defendant's products, including its beverages, are marketed based on cost savings comparable to mass market third party brands such as Coca-Cola and Pepsi.

19. Defendant's products are sold exclusively at Defendant's dairy and satellite locations, and are not available for re-sale.

20. Defendant is the owner of the following trademark registrations for HALO FARM and variations in connection with juice drinks and juices, ice cream, ice tea, milk and related services (collectively, the "HALO FARM Marks"):

| Mark | Reg. No. Reg. Date | Class | Goods and Services |
|------|---------------------|-------|--------------------|
| HALO FARM | 3611369 28 Apr 2009 | 35 | retail store services featuring dairy products, fruit juices and drinks, iced tea, ice cream and bread |
| HALO FARM | 3611370 28 Apr 2009 | 29 | milk and butter |
| HALO FARM | 3649509 7 July 2009 | 30 | ice cream, iced tea, bread |

| Mark | Reg. No. Reg. Date | Class | Goods and Services |
|---|---|---|---|
|  HALO FARM MILK MARKET | 1404272 5 Aug 1986 | 29 | milk |
|  HALO FARM | 1128726 1 Jan 1980 | 30 | bread and prepared iced tea |
|  HALO FARM | 1128738 1 Jan 1980 | 32 | fruit drinks containing water |

21. Defendant has filed Notices of Opposition in the Trademark Trial and Appeal Board of the PTO against Plaintiff's published HALO Applications, as reflected in Exhibit "B" hereto.

22. In its Notices of Opposition and its communications with Plaintiff, Defendant has alleged that Plaintiff's use of Plaintiff's HALO Marks constitutes an infringement of Defendant's HALO FARM Marks. For example, Defendant's Notice of Opposition No. 91/239,683 against Plaintiff's Application Serial No. 87/504,739 for HALO SPORT alleges: "the registration and use by [Plaintiff] for the goods identified in the application opposed herein of the mark "Halo Sport" - which mark copies the term "Halo" and thus the key-source identifying element of [Defendant's] HALO Trademarks - will inevitably cause confusion in the minds of the public…."

23. Based on the foregoing, Plaintiff has a reasonable apprehension that Defendant will commence a legal action against Plaintiff for, *inter alia*, trademark infringement.

### III.     No Infringement

24. Plaintiff's marks do not infringe or violate Defendant's marks, for multiple reasons. For example, each party's marks feature unique and distinctive elements. To illustrate, Plaintiff's HALO SPORT trademark includes the distinguishing term SPORT. By contrast, Defendant's HALO FARM trademark includes the distinguishing term FARM, and regularly appears as part of a logo featuring clouds, a barn, animals and other imagery:



25. Plaintiff's marks also do not infringe or violate Defendant's marks because they are used on different products. As described above, Plaintiff's goods are highly specialized, engineered  sports and energy focused beverages and dietary supplement food items coinciding with health and fitness regimens. These products are offered at a premium and at substantially different price points than Defendant's goods, and target a specific group of consumers who would be turned off by Defendant's products. By contrast, Defendant's products are inexpensive desserts, confections and other high fat, high sugar products such as eggnog, sweetened iced tea, fruit juices, fruit juice concentrates, chocolate milk, butter and ice cream – *i.e.*, products that cannot be reasonably assumed to successfully target consumers focused on improving health, diet wellness, and exercise. These product distinctions are demonstrated by a comparison of the nutritional content of Plaintiff's HALO SPORT drink versus Defendant's "Halo-Aade" drink:

|  | HALO SPORT™ | Halo Farm Easy-Ade / Halo-Ade* |
|---|---|---|
| Sugar content | 2g per 16oz | 56g per 16oz |
| Added Sugar | No | Fructose, Sucrose |
| Calories | 10 calories per 16oz | 240 calories per 16oz |
| Organic | USDA Certified Organic | No |
| Organic Antioxidants | Yes | No |
| Minerals | 72 naturally sourced trace minerals | No |
| Packaging | 16oz gym friendly hard plastic bottle | 64 oz Cardboard Milk Carton |
| Artificial Coloring | No | Yes |
| **\*Source: Bottles purchased from Halo Farm Retail in 2018** | | |

26. Plaintiff's marks also do not infringe or violate Defendant's marks because Plaintiff's marks are and will be used in highly stylized formats and packaging which present a unique commercial impression distinct from Defendant and its marks.  For example, Plaintiff's HALO SPORT mark appears in the distinctive format and packaging illustrated below and in attached Exhibit "C":





Plaintiff's product packaging emphasizes Plaintiff's target of health enthusiasts, in contrast to Defendant's customers who value bargains.  As shown below, and in attached Exhibit "D," Plaintiff sells its HALO SPORT drink in a 16oz gym-friendly hard plastic bottle, whereas Defendant sells its HALO FARM Easy-Ade and Halo-Ade drinks in a 64oz cardboard milk carton.




27. Plaintiff's marks also do not infringe or violate Defendant's marks because the parties' respective products are sold through different chains of commerce. Plaintiff's products will be sold through various third party retail and e-commerce distributors who also sell vitamins and supplements, including fitness centers. Plaintiff also offers its products directly to consumers through its website and through representatives offering in-store samplings at its partner distributors. As previously described, Defendant offers its products exclusively in its own three New Jersey brick and mortar locations, and does not offer its products for sale online. Moreover, only Defendant's dairy products are sold in all three of its stores; Defendant's juice product is sold only in a single location. Thus, Defendant's customers are primarily southern New Jersey residents, and/or individuals who specifically stop at or are otherwise aware of Defendant's dairy and satellite stores (since consumers would have virtually no other way of knowing of Defendant's products given Defendant's lack of expenditure on product awareness, marketing, and brand-building).

28. Plaintiff's marks also do not infringe or violate Defendant's marks because Plaintiff's products are and will be sold and marketed to different types of consumers. Plaintiff's target customers are metropolitan; deeply dedicated to health, wellness and fitness; upscale;

affluent; and highly educated.  (For these reasons, Plaintiff is launching its products for physical distribution mainly in New York City and Miami, Florida.)  Plaintiff's target customers are discerning about their beverage and supplement choices, focusing on lower sugar and higher performance products.  They are athletes or fitness enthusiasts who will purchase Plaintiff's products based on the benefits specific to workout regimes such as accelerated muscle recovery, re-hydration, *etc*.  As a result, Plaintiff's target consumers are willing to pay a considerable premium for the benefits offered by Plaintiff's products.

29. In contrast, Defendant's products compete with and are sold as imitations of well-known, mass market, third party brands (as demonstrated by Defendant's own product comparisons), and their consumers are bargain-shoppers focused on price rather than a product's intended health benefits.  Defendant targets these lower-scale consumers, who seek inexpensive desserts, confections or other high fat, high sugar or high-fructose corn syrup products such as eggnog, sweetened ice tea, fruit juices and/or fruit juice concentrates, chocolate milk, butter and/or ice cream – *i.e.*, products whose nutritional content make them by definition anathema to Plaintiff's target customers.

30. The absence of confusion or conflict between the parties' respective marks is further reflected by the simple fact that Plaintiff's products are intentionally marketed as dairy-free, whereas Defendant's entire business is focused on dairy products – thereby rendering them mutually exclusive.

## CLAIM FOR DECLARATORY JUDGMENT

31. Plaintiff repeats and realleges its allegations set forth above in paragraphs 1 – 30, and incorporates such allegations by reference herein.

32. There exists a real and present controversy between the parties as to whether Plaintiff's trademarks infringe or violate Defendant's trademarks.  An actual, valid, and

justiciable controversy has arisen and exists between Plaintiff and Defendant of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

33. Plaintiff has a reasonable apprehension of imminent litigation by Defendant as a result of Defendant's allegations that Plaintiff's use of Plaintiff's HALO Marks infringes Defendant's purported rights in and to Defendant's alleged HALO FARM Marks.

34. Plaintiff seeks a judicial determination and declaration that its trademarks do not infringe or violate any valid or enforceable trademark rights belonging to Defendant. Such determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties, and that Plaintiff may proceed with its commercial plans.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment against Defendant for the following relief:

A.    A declaration that Plaintiff's trademarks do not infringe or violate Defendant's HALO FARM Marks.

B.    A declaration that Plaintiff may continue to market and sell its products under its HALO Marks.

C.    An Order enjoining Defendant, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from pursuing any claims against Plaintiff for infringement or violation of Defendant's HALO FARM Marks.

D.    An award of the costs and reasonable attorneys' fees incurred by Plaintiff in connection with this action; and

E.    An award of any such other and further relief as the Court may deem just and

proper.

Date: October 16, 2018

Jonathan D. Reichman
Jeremy S. Boczko
Jessica Cohen-Nowak
Hunton Andrews Kurth LLP
200 Park Avenue
New York, NY 10166
(212) 908-6256
(212) 309-1100 (facsimile)
Email:  JReichman@HuntonAK.com
          JBoczko@HuntonAK.com
          JCohenNowak@HuntonAK.com

*Counsel for Plaintiff*,
Halo Lifestyle LLC